# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ANTONIO SARTIN                                                                           PETITIONER
ADC #128441

V.                            NO. 5:13cv00227-SWW-JTR

RAY HOBBS, Director,                                                                    RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Antonio Sartin. *Doc. #1*. Respondent has filed a Response, and Petitioner has filed a Reply. *Docs. #6, #8*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

In June 2008, a jury in Pulaski County, Arkansas convicted Petitioner of aggravated robbery and theft of property.[1] He was sentenced, as a habitual offender, to consecutive imprisonment terms of 240 and 120 months, respectively. *Doc. #6-2*.

On direct appeal to the Arkansas Court of Appeals,[2] Petitioner argued that his aggravated robbery conviction should be reversed because the evidence at trial was insufficient to establish that he was armed with a deadly weapon. *Doc. #6-4*. On June 16, 2010, the Arkansas Court of Appeals affirmed Petitioner's convictions. *Sartin v. State*, 2010 Ark. App. 494 (*Doc. #6-6*).

---

[1] Terry Donley, Jr. was the prosecution's primary witness. He testified that he pulled over on the side of the road to help some girls who had run out of gas. He noticed that a black car had followed him to the gas station and repeatedly drove past his parked car while he was helping the girls. The black car then pulled in behind Mr. Donley's car. He testified that he "had a bad feeling" and walked back to his car. A person in a white hoodie exited the black car and came up to his car, and "indicated that they [sic] had a weapon ... their hand was under their white hoodie." Mr. Donley heard gunshots and assumed that the shots were coming from "the person that was trying to steal my car." Mr. Donley pulled his gun and fired several shots at the person in the white hoodie as he drove off in Mr. Donley's car. Mr. Donley identified Petitioner as the person in the white hoodie. *Doc. #6-10, at 69-78, 85, 94-98*.

[2] Following Petitioner's convictions, his attorney filed a notice of appeal, and then submitted a no-merit brief and motion to withdraw as counsel. The Arkansas Court of Appeals certified to the Arkansas Supreme Court the question of whether a single omission from a no-merit brief necessarily required rebriefing. The Arkansas Supreme Court held that it did and ordered rebriefing. *See Sartin v. State*, 2010 Ark. 16 (*Doc. #6-3*). Petitioner, with new appellate counsel, then filed a new brief for his direct appeal to the Arkansas Court of Appeals.

Following the Arkansas Court of Appeals decision, Petitioner had eighteen calendar days, until July 4, 2010, to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (2010). Because July 4 fell on a Sunday and July 5 was a legal holiday, the deadline became Tuesday, July 6, 2010. *See* Ark. R. App. P.-Crim. 17. Petitioner failed to file a petition for review with the Arkansas Supreme Court, and his convictions became final on July 6, 2010.

On July 12, 2010, Petitioner filed a timely petition for post-conviction relief under Ark. R. Crim. P. 37.[3] *Doc. #6-7, at 78-93*. He argued that his trial counsel was ineffective for: (1) failing to pursue a defense theory that Petitioner was guilty only of theft of property, not aggravated robbery, because the victim was not in or near the car when Petitioner took it, and was not threatened; and (2) refusing to honor Petitioner's request to testify. On March 10, 2011, the trial court entered an order denying the Rule 37 petition. *Id. at 99-101*.

Petitioner appealed. *Id. at 102-03*. On April 12, 2012, the Arkansas Supreme Court affirmed the trial court's denial of Petitioner's Rule 37 petition. *Sartin v. State*, 2012 Ark. 155 (*Doc. #6-9*).

On July 25, 2013, Petitioner initiated this *pro se* habeas action. In his Petition, he argues that his constitutional rights were violated because:

---

[3]*See* Ark. R. Crim. 37.2(c)(ii) (petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction).

(1) The trial evidence was insufficient to support his aggravated robbery conviction; and

(2) His trial and appellate attorneys rendered ineffective assistance by: (a) failing to pursue a defense theory that Petitioner was not guilty of aggravated robbery; (2) refusing to allow Petitioner to testify; and (3) on appeal, failing to review the transcript, adequately prepare an appellate brief, and comply with the appellate procedural rules.

Respondent argues that Petitioner's habeas claims: (1) are time-barred; (2) were reasonably adjudicated by the state courts; or (3) are procedurally defaulted. The Court concludes that, because all of Petitioner's habeas claims are time-barred, they should be dismissed. Accordingly, the Court need not address Respondent's other arguments for dismissal.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a state prisoner who does not seek review in a state's highest court, the judgment becomes "final" on the date that the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

On June 16, 2010, the Arkansas Court of Appeals affirmed Petitioner's

convictions. As indicated earlier, because he did not file a petition for review with the Arkansas Supreme Court, his convictions became "final" on July 6, 2010. *See King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (for purposes of triggering the statute of limitations, the "conclusion of direct review" in cases from the Arkansas Court of Appeals includes the time allowed for petition for review from the Arkansas Supreme Court).

Petitioner initiated this federal habeas action on July 25, 2013, over three years later.[4]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

---

[4]Because Petitioner does not state the date he placed his Petition in the prison mail system, he is not entitled to the benefit of the "prison mailbox rule." *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (timely inmate filing may be shown "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mailing system] and state that first-class postage has been prepaid"); *Henderson-El v. Maschner*, 180 F.3d 984, 985-86 (8th Cir. 1999) (federal habeas petitioner cannot avail himself of the benefits of the prison mailbox rule unless he proffers evidence of the date that he delivered his petition to prison officials for mailing). However, even if Petitioner were allowed to receive the few days granted by the prison mailbox rule, it would in no way make his *several months late* habeas Petition timely.

However, the limitations period is *not* tolled in the interval between the conclusion of direct review and the filing of a state post-conviction petition. *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) ("although the limitations period is tolled during the pendency of a state post-conviction relief application, ... the period is not tolled *prior to the filing* of the state application"), *cert. denied*, 132 S. Ct. 1113 (2012).

Applying these tolling rules, the one-year limitations period for Petitioner to timely file his federal habeas Petition is calculated as follows:

(1) June 16, 2010: The Arkansas Court of Appeals affirms Petitioner's convictions. Petitioner has eighteen days, until July 6, 2010, to file a timely petition for review with the Arkansas Supreme Court.

(2) July 6, 2010: Petitioner fails to file a petition for review with the Arkansas Supreme Court, and his convictions become final on that date.

(3) July 7, 2010: The one-year statute of limitations begins to run.

▸ *5 days run against the statute of limitations.*

(4) July 12, 2010: The one-year limitations period is tolled when Petitioner files his Rule 37 petition in state court.

(5) April 12, 2012: The Arkansas Supreme Court affirms the trial court's denial of Rule 37 relief.

(6) April 13, 2012: The limitations period resumes running.

▸ *360 days run against the statute of limitations.*

(7) **April 8, 2013 (Monday):**[5] **Deadline for Petitioner to file a § 2254 habeas petition.**

(8) July 25, 2013: Petitioner files his § 2254 habeas Petition, more than three months *after* the expiration of the statute of limitations.

To excuse his untimeliness, Petitioner argues that he is "actually innocent" of aggravated robbery, based on a "recently obtained" affidavit, dated May 24, 2013, from Jasmin C. Flowers. *Docs. #1, at 15-16, 18; #8, at 2-5.*

The United States Supreme Court recently held, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or ... expiration of the statute of limitations." The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise

---

[5]*See* Fed. R. Civ. P. 6(a)(1) (a deadline continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday).

of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011), *cert. denied*, 133 S. Ct. 137 (2012). A federal habeas court must then consider "all the evidence, old and new, incriminating and exculpatory," and make a "probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538. A habeas petitioner's unjustifiable delay in coming forward with his new evidence is "a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928, 1935; *see Schlup*, 513 U.S. at 332.

The Court concludes that Petitioner has not met the demanding evidentiary standard established by United States Supreme Court precedent.

Petitioner alleges that Ms. Flowers is one of the girls on the side of the road whom Mr. Donley tried to help. He contends that she was previously "unidentified" and that he obtained her affidavit through the assistance of an attorney and private investigators in the spring of 2013. However, he fails to explain why he and his trial attorney were unable to discover Ms. Flowers' identity prior to his trial in 2008.

According to Ms. Flowers' affidavit, Mr. Donley was "flirting with her" and "had his back turned" until she alerted him that Petitioner was driving off in Mr. Donley's car. She said that Mr. Donley immediately pulled a gun and started shooting at Petitioner as he drove away. *Doc. #1, at 18*.

Petitioner argues that Ms. Flowers' version of events contradicts Mr. Donley's testimony that he encountered Petitioner outside his car, saw what he thought was a weapon under Petitioner's hoodie, did not start shooting until he heard gunshots, then saw Petitioner drive the car away. Thus, Petitioner argues that the affidavit "renders absolutely void the element of threat or use of force."

Ms. Flowers wrote her affidavit almost six years after the November 2007 incident, and she does not explain her delay in coming forward.[6] Numerous people were present that night and testified at trial. There were conflicting accounts as to the sequence of events, the number of gunshots, and the color of the garment worn by the person who stole Mr. Donley's vehicle. However, Mr. Donley unequivocally testified that Petitioner stole his car and he believed Petitioner was armed with a weapon and he "felt [his] life was threatened." *Doc. #6-10, at 96.*

Considering Ms. Flowers' affidavit, along with Mr. Donley's testimony and the other evidence introduced during the trial, a reasonable juror could still find, beyond a reasonable doubt, that Petitioner was guilty of aggravated robbery. At most, Ms.

---

[6]Efforts to undermine a verdict based solely upon affidavits "are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Such affidavits are particularly suspect when the affiant has "waited until the 11th hour" to come forward, other witnesses are deceased or no longer available, the affidavits themselves contain inconsistencies, and other proof points to the defendant's guilt. *Id.* at 417-18. In this case, the Court notes that, according to Petitioner, at least four witnesses to the incident – including the victim, Mr. Donley – are now deceased. *Doc. #8, at 3.*

Flowers' affidavit would have created conflicting testimony for the jury to reconcile. *See Moore v. Luebbers*, 446 F.3d 890, 903 (8th Cir. 2006) (no actual-innocence showing where a purported eyewitness's belated statement would have set up a "swearing match" among eyewitnesses, "a circumstance that already existed"). Accordingly, Petitioner has not met the actual-innocence standard.

Although not specifically argued by Petitioner, the Court has considered whether there might be any other basis for Petitioner to claim equitable tolling of the one-year limitations period.[7] Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010).

First, Petitioner has not demonstrated that he pursued his rights diligently. After the Arkansas Supreme Court affirmed the denial of Petitioner's Rule 37 petition in April 2012, Petitioner waited more than fifteen months before initiating this federal habeas action. This does *not* show diligence by Petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he

---

[7]*McQuiggin* analyzed actual innocence as an "equitable exception" *overriding* the statute of limitations, rather than as an extension of the limitations period through equitable tolling. *McQuiggin*, 133 S. Ct. at 1931.

waited five months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Second, Petitioner has not demonstrated any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

Accordingly, all of Petitioner's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. #1*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS __15th__ DAY OF November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE